IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARBARA PLOHOCKI,** Plaintiff, | No. |
| v. | Jury Trial Demanded |
| **LEHIGH UNIVERSITY,** Defendant. | |

**COMPLAINT**

I. **INTRODUCTION**

Plaintiff Barbara Plohocki, Ed.D. ("Plaintiff"/ "Dr. Plohocki"), brings this action against her former employer, Lehigh University ("Defendant"/ "Lehigh"). Despite a positive performance history of over thirty-three (33) years of employment, Lehigh terminated her employment when she was sixty-two (62) years old and replaced her with a younger heterosexual male.

Defendants discriminatory conduct violated the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, et seq. ("ADEA"); Title VII of the Civil Rights Act of 1964, as amended 1991, 42 U.S.C. §2000e, *et seq*. ("Title VII"); and the Pennsylvania Human Relations Act (PHRA), 43 P.S. §951, et seq., as amended, 1991.

II. **THE PARTIES**

1. Plaintiff Barbara Plohocki is an adult individual residing in Center Valley, PA 18034.

2. Defendant Lehigh University is an educational institution with its principal place of business located at 27 Memorial Drive West, Bethlehem, PA 18015.

1

3. At all times material hereto, Lehigh University employed more than 500 employees.

4. At all times relevant to this matter, Lehigh University was an employer within the meaning of the statutes that form the basis of this matter.

### III. JURISDICTION AND VENUE

5. The cause of action that forms the basis of this matter arises under ADEA, Title VII, and the PHRA.

6. The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C.§1331.

7. The District Court has jurisdiction over Count II (ADEA) pursuant to 29 U.S.C.§626(c) and 28 U.S.C.§1361.

8. State law claims asserted under the PHRA in Counts I and II are before this Honorable Court pursuant to 28 U.S.C. §1367, supplemental jurisdiction.

9. All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania as the place in which the claims arose and a place where Defendants conduct business.

10. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3).

11. Dr. Plohocki dual filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on February 10, 2023, approximately one month after her termination. The Charge was assigned EEOC Charge No. 530-2023-02968. The EEOC issued a right-to-sue letter to Dr.

Plohocki on December 23, 2024. This action is filed within 90 days of Dr. Plohocki's receipt of the EEOC's notice of right to sue.

12. As of February 10, 2024, it has been over one year since Dr. Plohocki dual filed her Charge of Discrimination with the Pennsylvania Human Relations Commission.

13. The Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

### III. FACTUAL ALLEGATIONS

14. Dr. Plohocki is a 65-year-old homosexual woman.

15. Dr. Plohocki earned her undergraduate and master's degrees in biology, emphasizing environmental biology. She also has an Ed. D. in Foundation of Education from Lehigh University.

16. Lehigh employed Dr. Plohocki for 33 years, and for the last 21 years, she held the position of Director of Environmental Health and Safety ("EH&S").

17. Also, while employed at Lehigh, Dr. Plohocki taught a class called Cultures, Communication & Attitudes three hours a week with two other people for about ten years without compensation or adjunct faculty status. This responsibility included class time, prep, grading, and student meetings.

18. Around December 15, 2021, Defendant announced the creation of a "Campus Safety Division" and appointed Jason Schiffer as Chief of Police & Assistant VP of Campus Safety.

19. Jason Schiffer already held the position of Chief of Police when the University promoted him to Assistant VP of Campus Safety.

3

20. As Chief of Police & Assistant VP of Campus Safety Mr. Schiffer supervised the following departments: EH&S, Life Safety, Ideal Office, and Campus Police.

21. As Director of EH&S, Plaintiff was the only female director who reported to Mr. Schiffer.

22. After Mr. Schiffer became the Plaintiff's supervisor in December 2021, she had only two one-hour meetings with him over a 12-month period—one individual meeting and one department meeting, both in early 2022.

23. A review of Mr. Schiffer's calendar and correspondence will demonstrate, based on information and belief, that his supervision of Plaintiff was inconsistent with how he supervised the three male individuals from Life Safety, Ideal Office, and Campus Police who reported directly to him.

24. Under her previous supervisor, Brent Stringfellow, Dr. Plohocki attended weekly team meetings with Facilities Services and Campus Planning and met individually with Mr. Stringfellow approximately twice a month or whenever there was a campus health and safety issue.

25. On January 6, 2023, without prior notice, Plaintiff was terminated effective immediately.

26. At the time, Defendant claimed it terminated Dr. Plohocki because it had "lost confidence in [her] ability to effectively perform the duties of [her] position."

27. This stated reason was pretextual, as demonstrated by:

   a. Throughout Plaintiff's 32-year tenure, her performance reviews were always "Fully Successful" or higher.

   b. Under her leadership, the department received two (2) Tradition of Excellence Awards for service from Lehigh.

4

    c. The Nuclear Regulatory Commission conducted an inspection in 2022 and noted that the University had an "excellent program." Mr. Schiffer was present at the closing conference but never acknowledged or discussed this positive assessment with Plaintiff;

    d. The fact that under Plaintiff's leadership, the University never received any OSHA violations or fines nor had any regulatory issues in areas under her responsibility;

    e. Baker Tilley's 2021 audit found that "the EH&S team were knowledgeable and capable subject matter experts to manage compliance";

    f. Mr. Schiffer never conducted any performance evaluations of Plaintiff.

    g. Mr. Schiffer never expressed any dissatisfaction with her work and never communicated any performance expectations or concerns during his 12 months as her supervisor.

28. After terminating Plaintiff, Defendant attempted to characterize her departure as a voluntary retirement, but this was contradicted by:

    a. The University's text message giving Plaintiff an ultimatum to either "retire" or have a communication sent that she was "no longer working at Lehigh";

    b. The University's failure to provide Plaintiff with standard retiree benefits such as a parking pass, Lehigh ID for gym and sporting events access, and email account access.

29. Before Plaintiff's termination, the EH&S department consisted of Plaintiff as Director, two Assistant Directors - Randy Shebby (male) and Elaine Kuchera (female), and department coordinator Janine Papach (female).

30. After terminating Plaintiff, Defendant immediately promoted Randy Shebby, a male employee, to Interim Director and gave him a significant pay increase that exceeded Plaintiff's salary as Director, of the EH&S department.

31. Elaine Kuchera, the female assistant director who is a chemical engineer and has worked at Lehigh longer than Randy Shebby, was not considered or interviewed for the position of Interim Director.

32. After Plaintiff's termination, all the departments that report to Mr. Schiffer, EH&S, Life Safety, Ideal Office, and Campus Police all had male directors.

33. Randy Shebby applied for the full-time position as Director of EH&S and did not get a second interview.

34. In early 2024, Lehigh hired William R. Santa (heterosexual male) as the Director of EH&S, and he is also younger than Dr. Plohocki and Randy Shebby.

## COUNT I
## SEX DISCRIMINATION (Title VII and PHRA)

35. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

36. The acts, failures to act, practices, and policies of Lehigh University set forth above constitute sex discrimination in violation of Title VII and the PHRA.

37. Defendant's actions in terminating Plaintiff's employment and replacing her with a heterosexual male constitute discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

38. Defendant's actions in terminating Plaintiff's employment and replacing her with a heterosexual male employee constitutes discrimination based on sex in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq.

39. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages including lost wages, benefits, and other compensation, as well as emotional distress, humiliation, and damage to her professional reputation.

## COUNT II
## AGE DISCRIMINATION (ADEA and PHRA)

40. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

41. At the time of her termination, Plaintiff was 62 years old.

42. ADEA makes it unlawful for an employer to discharge any individual or otherwise discriminate against any individual concerning her compensation, terms, conditions, or privileges of employment because of such individual's age. 29 U.S.C.S. - §623(a)(1).

43. Defendant's actions in terminating Plaintiff's employment constitute discrimination based on age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq and the PHRA.

44. Defendant's actions in terminating Plaintiff's employment and replacing her with a younger male employee constitutes discrimination based on age in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq.

45. Said violations were willful and warrant the imposition of liquidated damages.

46. Said violations warrant the imposition of punitive damages.

47. As a direct and proximate result of Defendant's unlawful age discrimination, Plaintiff has suffered and continues to suffer damages, including lost wages, benefits, other compensation, and damage to her professional reputation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award her:

    a) awarding economic damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of the Defendants' improper conduct;

    b) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasure, which Plaintiff suffered or may suffer as a result of Defendants' improper conduct to the Plaintiff under Title VII and the PHRA;

    c) awarding liquidated damages to Plaintiff under the ADEA;

    d) awarding punitive damages to Plaintiff under Title VII;

      e)    awarding Plaintiff such other damages as are appropriate under the ADEA, Title VII, and PHRA;

      f)    awarding Plaintiff, the cost of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

      g)    granting such other and further relief as this Court may deem just, proper, and equitable, including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**HARDWICK BENFER, LLC**

*JCBenfer*

Tiffanie C. Benfer (PA #202096)
**HARDWICK BENFER, LLC**
179 North Broad Street
Doylestown, PA 18901
Telephone: (215) 230-1912
Facsimile: (215) 230-1913
Email: tbenfer@hardwickbenfer.com
*Attorney for Plaintiff*

Dated: February 28, 2025